**DEPARTMENT OF JUSTICE, Petitioner,**

v.

**Steven BEAMER, Respondent.**

**No. CIV.A.1:98–CV–1656–RWS.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 30, 1998.

William G. Traynor, Office of United States Attorney, Northern District of Georgia, Atlanta, GA, for Petitioner.

Dwight Lowell Thomas, Atlanta, GA, for Respondent.

### ORDER

STORY, District Judge.

This case is before the Court on the Application of the Office of the Inspector General, U.S. Department of Justice, for the Release of Pretrial Services' Records of Steven Beamer's Drug Test [1–1]. After considering the application and response along with the applicable law, the Court enters the following Order.

Steven Beamer is a counselor at the United States Penitentiary in Atlanta. He was indicted by the Grand Jury in the Northern District of Georgia on two counts of sexually assaulting penitentiary inmates. At his arraignment and bond hearing, the U.S. Pretrial Services case manager reported that after he was arrested, Beamer had tested positive for cocaine usage. Beamer was subsequently acquitted of the sexual assault charges by a jury.

The Office of Inspector General ("OIG") is an independent entity within the Department of Justice that investigates fraud, waste, and abuse in the Department's operations. The OIG is conducting criminal and administrative investigations of Beamer, in part based on his alleged positive drug screen which was reported at his bond hearing.

The functions of Pretrial Services are defined by 18 U.S.C. § 3154 and include:

Collect, verify, and report to the judicial officer, prior to the pretrial release hearing, information pertaining to the pretrial release of each individual charged with an offense, including information relating to any danger that the release of such person may pose to any other person or the community, and, where appropriate, include a recommendation as to whether such individual should be released or detained and, if release is recommended, recommend appropriate conditions of release.

Concerning the release of information gathered by Pretrial Services, 18 U.S.C. § 3153(c) provides:

(1) Except as provided in paragraph (2) of this subsection, information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential. Each pretrial services report shall be made available to the attorney for the accused and the attorney for the Government.

(2) The Director shall issue regulations establishing the policy for release of information made confidential by paragraph (1) of this subsection. Such regulations shall provide exceptions to the confidentiality requirements under paragraph (1) of this subsection to allow access to such information—

(A) by qualified persons for purposes of research related to the administration of criminal justice;

(B) by persons under contract under section 3154(4) of this title;

(C) by probation officers for the purpose of compiling presentence reports;

(D) insofar as such information is a pretrial diversion report, to the attorney for the accused and the attorney for the Government; and

(E) in certain limited cases, to law enforcement agencies for law enforcement purposes.

Regulations have been promulgated pursuant to the foregoing provision. The importance of confidentiality of pretrial services information is explained as follows:

Confidentiality of pretrial services information is preserved primarily to promote a candid and truthful relationship between the defendant and the pretrial services officer in order to obtain the most complete and accurate information possible for the judicial officer. Disclosure of pretrial services information for purposes other than for the determination of pretrial release, particularly for prosecution purposes, would deter defendants from cooperation with pretrial services officers and deprive the court of necessary information.

Guide to Judiciary Policies and Procedures, Vol. XII, Pretrial Services Manual, Chapter III, "Confidentiality—Part A. Regulations Governing Disclosure of Pretrial Services Information," Section 1.C. (citations omitted). The Regulations set out authorized disclosures, including the provision at Section 5.K. which is asserted by OIG as the basis for its request:

In any other case, the judicial officer may order the disclosure of pretrial services information if, after considering (1) any promise of confidentiality to the source of the information, (2) any harm that such disclosure might cause to any person, (3) the objective of confidentiality as set out in section I(C) of these regulations, and (4) the purpose of the disclosure, the judicial officer finds that there is good cause for such disclosure.

In the instant case, there is no evidence of any promise of confidentiality to Mr. Beamer. At his bond hearing, the pretrial services officer stated in open court that Mr. Beamer had tested positive for cocaine usage. Aside from the possible consequences to Mr. Beamer, there is no harm which will occur to any other person as a result of disclosure of the information.

The Court is sensitive to the objective of confidentiality and its importance as stated in the above-quoted regulation. It is imperative that the court receive reliable and candid information from defendants in connection with the court's consideration of bond. If the information provided by the defendant is routinely released to law enforcement for use in the prosecution of the defendant, no defendant will be inclined to disclose information which could be significant to the judge con-

sidering the defendant's pretrial release. Therefore, courts should exercise caution in breaching the confidentiality of this information. The disclosure of such information should be the rare exception rather than the rule.

The final factor is a consideration of the purpose of the disclosure to determine whether there is "good cause" for the disclosure. OIG asserts that the fact that Mr. Beamer is an employee of the U.S. Bureau of Prisons ("BOP") establishes good cause for the disclosure of the information. "BOP regulations expressly forbid employees from using drugs, and the Pretrial Services record of Beamer's positive drug test in July 1997 is direct evidence of an employee's violation of those regulations. Additionally, as a penitentiary employee, Beamer works in an extremely stressful and highly sensitive environment, where the government has an especially high duty to monitor and address drug use and other types of employee misconduct." Application of the OIG, p. 5. OIG asserts that the information sought is important to its administrative investigation of Mr. Beamer. The Court finds that the unique circumstances of this case justify disclosure. Mr. Beamer's position as a correctional counselor at the federal penitentiary in Atlanta places him in a sensitive environment. There is a significant public interest in assuring Mr. Beamer's compliance with BOP regulations concerning drug usage. It is important for the safety of BOP employees, the public, and inmates at the penitentiary that those employed at the penitentiary not be under the influence of drugs. Information concerning drug usage by a person in Mr. Beamer's position should be made available to the BOP. The potential chilling effect of the release of this information on disclosures by future defendants should be diminished by this Court's finding that the unique facts of this case justify disclosure. Absent Mr Beamer's position with BOP, disclosure would not be justified in this case. Further, any chilling effect should also be diminished by the limitation which is placed on the use of this information by 18 U.S.C. § 3153(c)(3). That section prohibits the use of the information "on the issue of guilt in a criminal judicial proceeding." Therefore, OIG may use the information only in connection with its investigation and employment actions against Mr. Beamer. OIG is expressly prohibited from using the information on the issue of guilt in a criminal judicial proceeding.

**IT IS THEREFORE ORDERED,** that the records of U.S. Pretrial Services concerning any alleged drug usage by Steven Beamer be released to the Office of the Inspector General, U.S. Department of Justice.